Filed 12/18/24  In re A.G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>H.G.,<br><br>        Defendant and Appellant. | F088423<br><br>(Super. Ct. No. JJV074959A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  John P. Bianco, Judge.

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Jennifer M. Flores, County Counsel, and Marit C. Erickson, Deputy County Counsel, for Plaintiff and Respondent.

---

[*]        Before Levy, Acting P. J., Meehan, J. and Fain, J.[†]

[†]        Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

-ooOoo-

H.G. (mother) appeals from the termination of her parental rights related to the minor A.G. After an opening brief was filed with this court, mother and respondent, Tulare County Health and Human Services Agency (agency), entered into a stipulation in which the agency conceded there was an error in the initial inquiry considering whether the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA)[1] applied to A.G. In recognition of the fact mother's appeal focused on the adequacy of the ICWA inquiry conducted before parental rights were terminated, the parties entered into the following stipulation:

> "[T]he parties hereby stipulate to a conditional reversal of the July 29, 2024 order terminating parental rights and immediate remand to the juvenile court for compliance with the inquiry and notice requirements of ICWA and corresponding California statutes. If the juvenile court thereafter finds a proper and adequate inquiry and due diligence has been conducted and concludes ICWA does not apply, then the court shall reinstate the order terminating parental rights. If the juvenile court concludes ICWA applies, then it shall proceed in conformity with the ICWA and California implementing provisions."

We accept the stipulation, conditionally reverse the juvenile court's order terminating parental rights, and remand with directions.

## FACTUAL AND PROCEDURAL SUMMARY[2]

On May 24, 2023, within weeks of her birth, a dependency petition was filed in Los Angeles County pursuant to Welfare and Institutions Code[3] section 300 on behalf of

---

[1] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved on other grounds in *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*).)

[2] The sole issue on appeal concerns ICWA; therefore, we focus our facts to those bearing on that issue.

[3] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

2.

A.G.  Jurisdiction over the matter was eventually transferred to Tulare County on June 6, 2023.

A jurisdiction/disposition report prepared by the Los Angeles Department of Children and Family Services stated that when asked about any Indian ancestry, mother said she was unsure, and A.G.'s father, A.B. (father), responded that he had no such ancestry and that he did not believe mother had any such ancestry either.  When posed with the same question, mother's step niece also stated she was unaware of any such ancestry.  Last minute information provided to the juvenile court in Los Angeles County in April 2023, also documented conversations with a variety of relatives who also denied Indian ancestry.  During a combined jurisdiction/adjudication hearing held that same month, two additional maternal relatives denied knowledge of Indian ancestry.  After the remainder of this hearing was continued to May 2023, the court eventually stated it did "not have a reason to know that this is an Indian Child, as defined under ICWA, and does not order notice to any tribe or the [Bureau of Indian Affairs (BIA)]."

Approximately one week later, the motion to transfer the matter to Tulare County was filed.  In that motion, there was a notation that on May 11, 2023, "the Court made a finding that it has no reason to believe that this child is an Indian Child as defined by [ICWA]."  Upon accepting the transfer on June 7, 2023, the juvenile court in Tulare County also stated ICWA did not apply as of May 11, 2023.

After the six-month status hearing held on November 1, 2023, which neither mother nor father attended, reunification services were terminated, and the matter was referred for a section 366.26 hearing.  The agency issued a section 366.26 report, dated January 31, 2024, for the upcoming hearing.  The only new information contained in the report regarding ICWA inquiries was a summary of mother's statement to the social worker, made on December 5, 2023, that she did not believe she was part of any tribe, and had never known family members to be part of any tribes.  However, mother refused

to sign a document containing this information because she believed the information might be used against her.

The parental rights of both mother and father were terminated on July 29, 2024. Mother filed a notice of appeal on August 2, 2024. After an opening brief was filed on behalf of mother on October 29, 2024, the parties entered into a stipulation seeking a limited remand. In that document, the parties stated as follows:

> "Upon review of [a]ppellants' [*sic*] [o]pening [b]rief herein and review of the record in the above matter, and in light of the California Supreme Court's recent published decision in *In re Dezi C.* (2024) 16 Cal.5th 1112, [r]espondent concedes that an error occurred in the initial inquiry related to whether ICWA applies [to] the minor herein."

## DISCUSSION

### I. ICWA Inquiry Duties and the Standard of Review

Congress enacted ICWA to address concerns regarding the separation of Indian children from their families and tribes through adoption or foster care placement with non-Indian families. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) The Legislature enacted the California Indian Child Welfare Act (Cal-ICWA; § 224 et seq.) to "affirm ICWA's purposes (§ 224, subd. (a)) and mandate compliance with ICWA '[i]n all Indian child custody proceedings' (§ 224, subd. (b))." (*Isaiah W.*, at p. 9.)

Under Cal-ICWA, the juvenile court and the agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a).) An " 'Indian child' " is defined in the same manner as under federal law, i.e., as "any unmarried person who is under age [18] and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); accord, § 224.1, subd. (a) [adopting the federal definition].)

This "duty to inquire" begins with the initial contact, "including, but not limited to, asking a party reporting child abuse or neglect whether the party has any information

4.

that the child may be an Indian child." (§ 224.2, subd. (b)(1).) When the agency takes a child into its temporary custody, the duty to inquire "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child .…" (§ 224.2, subd. (b)(2).) ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of [18] and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c) ["extended family member" defined as provided in 25 U.S.C. § 1903].)

In the recent Supreme Court opinion in *Dezi C.*, *supra*, 16 Cal.5th 1112, the court recognized that "[w]hile this duty of inquiry is sometimes referred to as the initial duty of inquiry, this is a bit of a misnomer, as the duty 'continues throughout the dependency proceedings.' " (*Dezi C.*, at p. 1132, citing *In re J.C.* (2022) 77 Cal.App.5th 70, 77.) Instead, "further inquiry includes (1) interviewing the parents and extended family members; (2) contacting the [BIA] and State Department of Social Services; and (3) contacting tribes the child may be affiliated with and anyone else that might have information regarding the child's membership or eligibility in a tribe." (*Dezi C.*, at pp. 1132–1133; see also § 224.2, subd. (e)(2)(A)–(C).)

It should be noted, an agency's failure to conduct a proper inquiry is not subject to a harmless error analysis. "[A]n inadequate Cal-ICWA inquiry requires conditional reversal of the juvenile court's order … with directions to the agency to conduct an adequate inquiry, supported by record documentation." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1125.) The *Dezi C.* court reasoned that "[w]hen a Cal-ICWA inquiry is inadequate, it is impossible to ascertain whether the agency's error is prejudicial. [Citations.] '[U]ntil an agency conducts a proper initial inquiry and makes that information known, it is impossible to know what the inquiry might reveal.' " (*Id.* at p. 1136.)

5.

Upon the conditional reversal stipulated to by the parties herein, additional inquiries must be made, with additional documentation efforts made by the agency that are consistent with its statutory duties and the requirements discussed in *Dezi C*. The juvenile court shall then hold a hearing to determine whether, in light of the outcome of the new inquiry as documented, ICWA applies. If the court determines the inquiry is proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured, and the order terminating parental rights can be reinstated.

## **DISPOSITION**

The July 29, 2024 order terminating parental rights is conditionally reversed and the matter remanded to the juvenile court to comply with the inquiry and notice requirements stated in sections 224.2 and 224.3 and the documentation provisions of Cal. Rules of Court, rule 5.481(a)(5), consistent with the opinion in *Dezi C.*, *supra*, 16 Cal.5th 1112. If, after the court finds a proper and adequate further inquiry was made with due diligence, and further concludes ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights. If the court concludes ICWA does apply, then it shall proceed in conformity with ICWA and the California implementing provisions. (See 25 U.S.C. § 1912(a); §§ 224.2, subd. (i)(1), 224.3, & 224.4.)